_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
October 17, 2014

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re: ) | Case No.: 14-10902-MKN |
| ) | |
| LEONOR M. DE LOS SANTOS, ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| LEONOR M. DE LOS SANTOS, ) | Adv. No. 14-01091-MKN |
| ) | |
| Plaintiffs, ) | |
| v. ) | Date:  October 15, 2014 |
| ) | Time:  9:30 a.m. |
| NATIONSTAR, LLC; CAM 1 TRUST aka ) | |
| HMC ASSETS, LLC ("CAM1/HMC"); ) | |
| NATIONSTAR MORTGAGE, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER ON MOTION TO REMAND UNLAWFUL DETAINER PROCEEDINGS**[1]

On October 15, 2014, the court heard the Motion to Remand Unlawful Detainer

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court.  All references to "AECF No." are to the documents filed in the above-captioned adversary proceeding.  All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

1

1  Proceedings ("Remand Motion") filed by CAM 1 TRUST ("CAM 1"). The appearances of
2  counsel and the parties were noted on the record. After oral arguments were presented, the
3  matter was taken under submission.
4        On February 13, 2014, Debtor filed a voluntary Chapter 13 petition. According to her
5  real property Schedule "A," she has an interest in a primary residence located at 5440 Escallonia
6  Street, Las Vegas, Nevada ("Residence"), as well as an interest in an investment property located
7  at 7318 Dolphin Crest Avenue, Las Vegas, Nevada ("Investment Property). (ECF No. 21).
8        Debtor filed four previous Chapter 13 proceedings in this judicial district. On November
9  10, 2009, Debtor commenced a voluntary Chapter 13 proceeding through counsel, denominated
10 Case No. 09-31352-MKN ("First Case"), that was dismissed on December 3, 2010, for a variety
11 of reasons, including infeasibility of the Chapter 13 plan and failure to provide documents. In
12 that First Case, an order was entered on July 13, 2010, appointing a guardian ad litem under
13 FRBP 1004.1, so as to provide a neutral assessment of a home health care business being
14 conducted by the Debtor's family. The need for a guardian ad litem was based on concerns
15 expressed by the Chapter 13 trustee, as well as a separate business case consultant, and the
16 Debtor's counsel, as to the Debtor's competency and ability to fully understand and answer
17 questions about her financial affairs.
18       On June 1, 2011, Debtor commenced another Chapter 13 proceeding through counsel,
19 denominated Case No. 11-18661-MKN ("Second Case"), that was dismissed on November 22,
20 2011, for a variety of reasons, including failure to make Chapter 13 plan payments, lack of
21 eligibility for Chapter 13 relief, and others.
22       On April 23, 2013, Debtor commenced another Chapter 13 proceeding in pro se,
23 denominated Case No. 13-13471 ("Third Case"), that was dismissed on June 14, 2013.
24       On August 12, 2013, she commenced another Chapter 13 proceeding in pro se,
25 denominated Case No. 13-16923 ("Fourth Case"), which was dismissed on October 3, 2013.
26       On February 13, 2014, when she commenced the current proceeding through counsel

1  ("Current Case"), Debtor had two previous Chapter 13 proceedings dismissed within the prior
2  year. As a result, the automatic stay under Section 362(a) did not go into effect upon the
3  commencement of the current bankruptcy proceeding. 11 U.S.C. § 362(c)(4)(A).

4        On February 20, 2014, Debtor filed an amended motion under Section 362(c)(4)(B) to
5  impose the automatic stay. (ECF No. 12). On February 24, 2014, opposition to the motion was
6  filed by creditor HMC Assets, LLC. (ECF No. 16). On March 12, 2014, the motion was heard,
7  and on March 21, 2014, a written order denying the motion ("362(c) Denial Order") was entered.
8  (ECF No. 31). The denial was without prejudice to the Debtor seeking other forms of injunctive
9  relief in other forums.

10        On May 23, 2014, Debtor commenced the above-referenced adversary proceeding in pro
11  se[2] by filing a document entitled "Application for Preliminary Injunction - FRBP 7065." (AECF
12  No. 1). No document entitled a complaint has been filed. Debtor's application ("Application")
13  seeks a preliminary injunction to prevent Nationstar and CAM 1 from taking any action with
14  respect to the Residence and Investment Property. As to Nationstar, the Application does not
15  identify specific activity that Nationstar is pursuing against the Residence. As to CAM 1, Debtor
16  apparently alleges that CAM 1 scheduled a foreclosure sale to take place on May 28, 2014.
17  Debtor's argument is that neither Nationstar nor CAM 1 have standing under Nevada law to
18  pursue claims against her. She apparently seeks a declaration as to their lack of standing and
19  relies on such a determination as a basis to obtain preliminary injunctive relief.

20        Other than commencing the adversary proceeding, however, Debtor took no steps to
21  obtain a preliminary injunction by requesting a hearing, nor is the Application itself
22  accompanied by admissible evidence.[3] Debtor having failed to obtain preliminary injunctive

---

24    [2] Debtor is represented by counsel in her Chapter 13 proceeding, but commenced the instant adversary proceeding in propria persona.

26    [3] The Application refers to several attachments, but none of them are attached. This is perplexing because the Debtor also asks that the proceeding be conducted based on the papers

relief and having been denied imposition of the automatic stay pursuant to the 362(c) Denial Order, Nationstar and CAM 1 are not precluded from exercising any rights available under applicable nonbankruptcy law.

In lieu of filing answers, both Nationstar and CAM 1 initially filed separate motions to dismiss. On June 23, 2014, Nationstar filed its motion seeking dismissal of the Debtor's adversary proceeding based on lack of subject matter jurisdiction, dismissal as a means of discretionary abstention under 28 U.S.C. §1334(c)(1), and dismissal for failure to state a claim for which relief may be granted as to the Residence. (AECF No. 7). The Nationstar dismissal motion is accompanied by a request for judicial notice to which is attached various documents, including copies of a promissory note, deed of trust, and an assignment, as well as copies of the dockets of the Debtor's bankruptcy cases. (AECF No. 8).

On July 28, 2014, CAM 1 filed its separate motion seeking dismissal of the adversary proceeding based on the res judicata effect of a prior state court judicial foreclosure proceeding, and expungement of a lis pendens recorded by the Debtor against the Investment Property.[4] (AECF No. 14). Attached to the CAM 1 dismissal motion are copies of various documents from an action captioned as <u>CAM 1 Trust v. Leonor M. De Los Santos</u>, Case No. A-12-656582-C ("CAM 1 Foreclosure Action"), commenced in the Eighth Judicial District Court, Clark County,

---

filed in the case in lieu of oral presentations. At the hearing in the instant matter, Debtor apparently was present in the courthouse, but had her adult son submit a copy of additional written arguments. Given the reasons for which a guardian ad litem was appointed in the First Case, it is not clear whether the Debtor prepared the additional written arguments or even the initial oppositions she filed in this matter. Not having been served with a copy of the additional arguments prior to the hearing, counsel for Nationstar and CAM 1 objected to consideration of the materials. Debtor filed the materials with the court after the hearing. (AECF No. 21).

[4] Attached as Exhibit "3" to the CAM 1 dismissal motion is a copy of a Notice of Pendency of Action regarding the above-referenced adversary proceeding that the Debtor apparently recorded on May 27, 2014, with respect to the Investment Property. Attached as Exhibit "4" to the motion is a copy of a Certificate of Sale revealing that the Investment Property was sold to CAM 1 pursuant to a judicial foreclosure sale conducted on May 28, 2014.

Nevada. Debtor filed written opposition to both motions (AECF Nos. 13 and 17) and written replies were filed by both moving parties. (AECF Nos. 18 and 19). On August 27, 2014, both dismissal motions were heard and taken under submission.[5]

On September 3, 2014, a combined order was entered denying the Nationwide dismissal motion and granting the CAM 1 dismissal motion ("Dismissal Order"). (AECF No. 23). On the same day, Debtor filed **<u>in the instant adversary proceeding</u>** a Notice of Removal (AECF No. 25) to which she attached a copy of a complaint for an unlawful detainer proceeding denominated Case No. 14C012260 ("CAM 1 Eviction Action") that had been commenced by CAM 1 against the Debtor on or about August 12, 2014, in the Las Vegas Justice Court, Clark County, Nevada.[6] The Notice of Removal was not filed in the Debtor's underlying Chapter 13 proceeding.

On September 17, 2014, Debtor filed a notice of appeal with respect to the Dismissal Order (AECF No. 26)[7] and elected to have the appeal heard by the United States District Court ("USDC") for the District of Nevada. (AECF No. 27). The appellate proceeding before the USDC was assigned Case No. 14-cv-01522-JCM.

On September 25, 2014, CAM 1 filed the instant Remand Motion. (AECF No. 37). By this motion, CAM 1 seeks an order of remand to return the CAM 1 Eviction Action to the Las Vegas Justice Court.

On October 1, 2014, Debtor filed an opposition to the Remand Motion ("Opposition").

---

[5] It is unnecessary to address any arguments concerning the preliminary injunction request set forth in the Application as the Debtor has never scheduled that request for a hearing.

[6] Because there was no automatic stay in effect with respect to the Debtor or property of the estate, the commencement of the Eviction Proceeding was not prohibited.

[7] Debtor's notice of appeal states in pertinent part: "I appeal the part of this court's 'ORDER ON MOTIONS TO DISMISS' as a final order dismissing Defendants 'CAM 1 TRUST' and 'HMC ASSETS, LLC' from this case. [footnote omitted] I expressly appeal the entire proceeding regarding these Defendants, specifically what my Notice of Removal began."

(AECF No. 42).[8]  Debtor argues that the bankruptcy court is divested of jurisdiction over the Remand Motion as a result of her appeal of the Dismissal Order.  See Opposition at 2 n.5, citing Burchinal v. Cent. Washington Bank (In re Adams Apple, Inc.), 829 F.2d 1484, 1489 (9th Cir. 1987).  The Dismissal Order appealed by the Debtor, however, involved her challenge to CAM 1's judicial foreclosure of the Investment Property.  She never appealed the State Court's judgment in the CAM 1 Foreclosure Action and the foreclosure sale was completed.  In contrast, the Remand Motion involves the Debtor's attempt to delay the prosecution of the CAM 1 Eviction Action.  The subject matter of the Dismissal Order simply did not involve the CAM 1 Eviction Action.  As the filing of a notice of appeal divests the trial court only of the subject matter of the appeal, see Bennett v. Gemmill (In re Combined Metals Reduction Co.), 557 F.2d 179, 200 (9th Cir. 1977), Debtor's appeal of the Dismissal Order does not prevent this court from considering the Remand Motion.[9]

The Remand Motion seeks to return the Eviction Action to the Las Vegas Justice Court on two different bases: (1) through mandatory abstention under 28 U.S.C. § 1334(c)(2), or (2)

---

[8]  At the hearing on the Remand Motion, Debtor's son, Glenn Gomez, appeared at the hearing and advised the court that the Debtor had filed a document in the main bankruptcy case.  The document had not been served upon CAM 1's counsel and the court was not provided with a copy.  As of the date of entry of this Order, no such document appears on the dockets for either the Current Case or in the adversary proceeding.  Debtor previously represented in the adversary proceeding in connection with the dismissal motions that she had filed a "COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF" with the court, see Declaration of Glenn Gomez Support Opposition (AECF No. 17) at ¶¶ 2-3 and Plaintiff's Points and Authorities for 8/27 Hearing (AECF No. 21) at 5-6, but no such document has ever been docketed.

[9]  As previously set forth in note 7, supra, Debtor's Notice of Appeal as to the Dismissal Order apparently attempted to encompass her Notice of Removal.  It is not clear to this court, nor does the Debtor explain, how an appeal can encompass a matter that was not before the court at the time of the decision that was appealed.  Debtor has not sought a stay of the Dismissal Order, has not obtained injunctive relief, and has not sought to withdraw the reference of any matters before this court.  She appears to believe that her Notice of Appeal resulted in a stay of proceedings before the bankruptcy court, which is incorrect.  Compare Equity Holders v. Legal iGaming, Inc. (In re Legal iGaming, Inc.), 2013 WL 209825 at * 4 (D.Nev. Jan. 16, 2013).

through discretionary remand under 28 U.S.C. § 1452(b).

28 U.S.C. § 1334(a) confers original and exclusive jurisdiction upon the federal district courts over bankruptcy cases and proceedings.  Subsection (c)(2) provides that "upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but nor arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."  28 U.S.C. § 1334(c)(2).

In this instance, Debtor filed her Notice of Removal on September 3, 2014, and CAM 1 filed the Remand Motion on September 25, 2014.  No activity has occurred after the Eviction Action was removed and no argument is made that the Remand Motion is untimely.

More important, there is no dispute that the Eviction Action is based upon CAM 1's assertion of rights under Nevada law as the current holder of title to the Investment Property. CAM 1's claim in the Eviction Action does not arise under the Bankruptcy Code nor does its claim arise in the Debtor's bankruptcy case.  The claim is factually related to the Debtor's Chapter 13 proceeding because the Investment Property once was an asset of the bankruptcy estate, but the Eviction Action could not have been commenced in federal court absent jurisdiction under 28 U.S.C. § 1334.  The Eviction Action originally was commenced in the Las Vegas Justice Court on August 12, 2014, and the Debtor has offered no evidence that the action cannot be timely adjudicated in that forum.  Under these circumstances, abstention is required under 28 U.S.C. § 1334(c)(2).

Alternatively, a discretionary remand of the Eviction Action would be appropriate.  28 U.S.C. § 1452(a) authorizes civil actions or claims pending before a non-bankruptcy court to be removed to a district court having bankruptcy jurisdiction under 28 U.S.C. § 1334.  Subsection (b) permits the court to remand the action or claim to the previous forum "on any equitable

1   ground." 28 U.S.C. § 1452(b).

2   The above-described circumstances requiring abstention under 28 U.S.C. § 1334(c)(2)
3   also support a finding of equitable grounds to remand the Eviction Action.  The legal issues
4   involved in that proceeding arise under state law and may easily be decided by a state court.  The
5   Debtor's primary purpose appears to be to obtain through the federal removal process a delay of
6   a typical state law matter without satisfying the requirements for federal injunctive relief.
7   Moreover, the Eviction Action pertains to the Investment Property once owned by the Debtor
8   rather than the Residence.  As the Investment Property apparently is occupied by tenants or
9   parties other than the Debtor, the subjects of the state law eviction proceeding appear to be non-
10  debtor parties that are not before this court.[10]  Thus, in addition to the circumstances requiring
11  abstention, a remand to the Las Vegas Justice Court on equitable grounds also is sufficiently
12  supported by principles of comity and judicial efficiency.[11]

13  Based on the foregoing, remand of the Eviction Action to the Las Vegas Justice Court is
14  appropriate under both 28 U.S.C. § 1334(c)(2) and 28 U.S.C. § 1452(b).

15  **IT IS THEREFORE ORDERED** that the Motion to Remand Unlawful Detainer
16  Proceedings brought by CAM 1 Trust, Adversary Docket No. 37, be, and the same hereby is,
17  **GRANTED**.

18  **IT IS FURTHER ORDERED** that the proceeding entitled CAM Trust v. Leonor M. De
19  Los Santos; and Doe Occupants I through X, Case No. 14C012260, be, and the same hereby is,

---

[10] Even if the Debtor occupies the Investment Property rather than the Residence, her postpetition occupancy is not protected by the automatic stay because she did not succeed in having the stay imposed under Section 362(c)(4).  She also has not obtained an order providing for injunctive relief and has never completed a Chapter 13 proceeding to obtain a discharge.

[11] See, e.g., Rocky Ridge Properties, Inc. v. Greenback Mortgage Fund, LLC, 2012 WL 346465 at * 2 n.1 (E.D.Cal. 2012) (listing factors commonly considered in determining remand, including predominance of state law issues, comity between state and federal courts, the likelihood of forum shopping, and presence of non-debtor parties).

1  **REMANDED** to the Las Vegas Justice Court, Clark County, Nevada.

Notice and Copies sent through:

   CM/ECF ELECTRONIC NOTICING

and sent via FIRST CLASS MAIL BY THE COURT AND/OR BNC to:

LEONOR M DE LOS SANTOS
5440 ESCALLONIA ST.
LAS VEGAS, NV 89149

LEONOR DE LOS SANTOS
C/O GLENN GOMEZ
7318 DOLPHINE CREST AVE.
LAS VEGAS, NV 89129

NATIONSTAR, LLC
350 HIGHLAND DR.
LEWISVILLE, TX 75067

SETH D BALLSTAEDT
THE BALLSTAEDT LAW FIRM
9480 S EASTERN AVE. SUITE 213
LAS VEGAS, NV 89123

# # #