WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 50
Jory C. Garabedian, Esq.
Nevada Bar No. 10352
5532 South Fort Apache Road, Suite 110
Las Vegas, NV 89148
(702) 475-7964; Fax: (702) 946-1345
jgarabedian@wrightlegal.net
*Attorneys for Appellee, CAM 1TRUST/HMC ASSETS, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>LEONOR M. DE LOS SANTOS,<br><br>Debtor.<br>_____<br>LEONOR M. DE LOS SANTOS,<br><br>Plaintiff(s),<br><br>v.<br><br>NATIONSTAR, LLC, et al.,<br><br>Defendant(s).<br>_____<br>LEONOR M. DE LOS SANTOS,<br><br>Appellant(s),<br><br>v.<br><br>CAM I TRUST/HMC ASSETS, LLC, et al.,<br><br>Appellee(s).<br>_____ | Bankruptcy Case No. 14-10902 MKN<br>Adv. Case No. 14-01091-MKN<br>Case No. 2:14-cv-1522 JCM<br><br>**CAM I TRUST AND HMC ASSETS, LLC's ANSWERING BRIEF** |

Appellees, CAM I TRUST and HMC ASSETS, LLC, by through their attorneys of record the law firm of Wright, Finlay & Zak, LLP, hereby submit their Answering Brief.

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| TABLE OF AUTHORITIES | | Page 3 |
| STATEMENT OF JURISDICTION | | Page 5 |
| ISSUES PRESENTED AND STANDARD OF REVIEW | | Page 5 |
| STATEMENT OF CASE | | Page 7 |
| A. | THE JUDICIAL FORECLOSURE CASE. | Page 7 |
| B. | PRIOR BANKRUPTCY FILINGS. | Page 8 |
| C. | UNDERLYING BANKRUPTCY FILING AND ENSUING ADVERSARY CASE. | Page 8 |
| D. | THE REMOVAL AND REMAND OF THE UNLAWFUL DETAINER PROCEEDINGS TO THE ADVERSARY CASE. | Page 11 |
| E. | DISMISSAL OF THE LATEST UNDERLYING BANKRUPTCY. | Page 12 |
| ARGUMENT | | Page 13 |
| A. | THE INJUNCTIVE RELIEF SOUGHT BY DE LOS SANTOS IN THE ADVERSARY CASE IS MOOT GIVEN THAT THE FORECLOSURE OF THE SUBJECT PROPERTY HAS ALREADY OCCURRED AND THE UNDERLYING BANKRUPTCY HAS BEEN DISMISSED. | Page 13 |
| B. | ANY JURISDICTION DEFECT WITH THE BANKRUPTCY COURT'S ORDER DISMISSING THE ADVERSARY CASE CAN BE EASILY CURED WITH THIS COURT'S DE NOVO REVIEW ON APPEAL. | Page 14 |
| C. | THE BANKRUPTCY COURT PROPERLY DISMISSED THE ADVERSARY CASE BASED ON WELL-ESTABLISHED PRINCIPLE OF RES JUDICATA. | Page 15 |
| | 1. De Los Santos's Foreclosure Standing Claims are Barred by Claim Preclusion. | Page 15 |
| | 2. Foreclosure Standing is also Barred by Issue Preclusion. | Page 16 |
| D. | INCLUSION OF THE CHAPTER 13 TRUSTEE IS MOOT SINCE THE UNDERLYING BANKRUPTCY HAS BEEN DISMISSED. | Page 17 |
| E. | THIS COURT LACKS JURISDICTION TO HEAR THE ORDER GRANTING MOTION TO REMAND AS IT IS STATUTORILY PROHIBITED AND THE BAP COURT HAS ALREADY DISMISSED THE APPEAL. | Page 17 |
| CONCLUSION | | Page 18 |

# TABLE OF AUTHORITIES

*Cases*                                                                                                   Page

*Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002)                             15

*Bennett v. Genmill (In re Combined Metals Reduction Co.)*, 557 F.2d 179, 200 (9th Cir., 1977)
                                                                                                          18

*Brown v. Felsen*, 442 U.S. 127, 131 (1979)                                                               16

*Carter v. Kubler*, 320 U.S. 243, 248 (1943)                                                              7

*Edelstein v. Bank of New York Mellon*, 286 P.3d 249 (Nev. 2012)                                          16, 17

*Executive Benefits Ins. Agency v. Arkison*, 573 U.S. – (Jun. 2014)                                       7, 14

*Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054-55 (2008)                                          16

*George v. City of Morro Bay (In re George)*, 318 B.R. 729, 735 (BAP 9th Cir. 2004)                       15

*Holloway v. U.S.*, 789 F.2d 1372, 1373 (9th Cir. 1986)                                                   13

*Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1033 (9th Cir. 2005)  6

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)                                    16

*Robi v. Five Platters Inc.*, 838 F.2d 318, 322 (9th Cir. 1988)                                           15

*Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029-30 (9th Cir. 2009)                                6

*Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1018 (9th Cir. 2011)                                      6

*Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)                                                            15

*U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)                                                      6

*White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012)                                            16

*Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)                                        6

*Statutes/Rules*                                                                                          Page

11 U.S.C. § 349(b)(3)                                                                                     17

28 U.S.C. § 157(c)                                                                                        14

28 U.S.C. § 158(a)(1)                                                                                     5

28 U.S.C. § 1334(c)(2)                                                                                    5, 12, 18

28 U.S.C. § 1442                                                                                          5, 18

28 U.S.C. § 1443                                                                                          5, 18

| # | Authority | Page(s) |
|---|---|---|
| 1 | 28 U.S.C. § 1447(d) | 5, 18 |
| 2 | 28 U.S.C. § 1452(b) | 5, 12, 19 |
| 3 | FRBP 7007.1 | 10 |
| 4 | FRCP 7(a) | 14 |
| 5 | FRCP 7(b) | 14 |
| 6 | FRCP 12(b)(6) | 6 |
| 7 | FRE 201 | 6 |

## STATEMENT OF JURISDICTION

Pursuant to 28 U.S.C. § 158(a)(1), this Court has jurisdiction to consider on appeal the September 3, 2014 final Order on Motion to Dismiss of the bankruptcy adversary proceedings commenced by debtor/appellant Leonor De Los Santos ("De Los Santos").

However, this Court lacks jurisdiction to consider the appeal of the October 17, 2014 Order on Motion to Remand Unlawful Detainer Proceedings. The bankruptcy court granted the Motion to Remand Unlawful Detainer Proceedings back to Las Vegas Justice Court under both 28 U.S.C. § 1334(c)(2) and 28 U.S.C. § 1452(b). However, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," unless the case was removed pursuant to 28 U.S.C. §§ 1442 (federal officers or agencies sued or prosecuted) or 1443 (civil rights cases). 28 U.S.C. § 1447(d). Since the removal of the unlawful detainer proceedings were not removed on either of the enumerated exceptions, this Court lacks jurisdiction to hear the appeal of the Order on Motion to Remand Unlawful Detainer Proceedings.

Additionally, the Order on Motion to Remand Unlawful Detainer Proceedings was entered after the Notice of Appeal was filed in this matter so it is not properly before this Court. Further, the Notice of Appeal of the Order on Motion to Remand Unlawful Detainer Proceedings was sent up to the Ninth Circuit Bankruptcy Appellate Panel (BAP No. NV-14-1508), which dismissed the appeal on December 1, 2014 for failure to prosecute. Accordingly, even if the Court could exercise jurisdiction in reviewing the Order on Motion to Remand Unlawful Detainer Proceedings, it cannot do so since it has already been dismissed and adjudicated by the BAP Court.

## ISSUES PRESENTED AND STANDARD OF REVIEW

1. Whether De Los Santos' requested relief for an injunction on the foreclosure sale of her investment property is moot given that the foreclosure sale has occurred and her Chapter 13 case has been dismissed.

2. Whether any jurisdictional defect of the bankruptcy court's final order dismissing the adversary case is cured by the de novo review of this appeal.

3. Whether the bankruptcy court appropriately dismissed De Los Santos' adversary case based on well-established principle of res judicata.

4. Whether inclusion of the Chapter 13 Trustee is moot given that the underlying Chapter 13 bankruptcy has now been dismissed.

5. Whether this Court has jurisdiction to hear the Order granting Motion to Remand Unlawful Detainer Proceedings.

The bankruptcy court's Order on Motion to Dismiss, which granted the motion to dismiss, apparently used a Rule 12(b)(6) standard. (See Appellee's Appendix CAM000089, fn. 9). De novo is the appropriate standard review of an order granting a motion to dismiss pursuant to FRCP 12(b)(6). See *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1018 (9th Cir. 2011). When reviewing a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint are construed as true and in a light most favorable to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029-30 (9th Cir. 2009). However, the factual allegations in the complaint must be enough to state a claim to relief that is plausible on its face. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). The court may take judicial notice of documents when reviewing a motion to dismiss, and doing so will not convert the motion to one of summary judgment[1]. See *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). In a preclusion context, a federal court may take judicial notice of a state court decision and the filings therein to determine if res judicata applies. See *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1033 (9th Cir. 2005).

---

[1] To the extent necessary for de novo review, CAM I Trust and HMC Assets, LLC request judicial notice of : (1) the Notice of Entry of Order Granting Motion for Summary Judgment (Appellee's Appendix CAM000035-000041; (2) the Notice of Entry of Judgment (Appellee's Appendix CAM000043-000048); (3) the Notice of Pendency of Action (Appellee's Appendix CAM000050); (4) the Affidavit in Support of Motion for Summary Judgment (Appellee's Appendix CAM000057-000061) and (5) the Certificate of Sale (Appellee's Appendix CAM000052-000055). These documents were attached to the Motion to Dismiss in the bankruptcy adversary case and are all matters of public record with the Eighth Judicial District Court of Clark County, Nevada and the Clark County Recorder. Further, these documents are capable of ready and accurate determination from sources whose accuracy cannot be reasonably questioned. See FRE 201.

Further, when reviewing a bankruptcy court's findings and orders in non-core proceedings on appeal, the district court may use a de novo standard of review to cure any jurisdictional problems with the entry of the bankruptcy court's final order. *See Executive Benefits Ins. Agency v. Arkison*, 573 U.S. – (Jun. 2014) (holding that even if the bankruptcy court's judgment on a non-core matter was invalid, the defect was cured when the District Court reviewed the matter de novo and entered its own judgment); *see also Carter v. Kubler*, 320 U.S. 243, 248 (1943) (holding that bankruptcy's commissioner error was cured when the District Court made independent and complete review of the conflicting evidence). The foreclosure standing issues are related to the Chapter 13 Bankruptcy in that they affected property of the bankruptcy estate at the time of filing both the Chapter 13 case and the adversary case. An affirmance of the bankruptcy court's dismissal order of the adversary case will cure any jurisdictional defects.

## STATEMENT OF THE CASE

This matter involves the appeal of a bankruptcy court order dismissing an adversary proceeding based on res judicata. Despite a final judicial foreclosure judgment to the contrary, Debtor/appellant Leonor De Los Santos ("De Los Santos") claims in her adversary action that CAM I Trust ("CAM") and HMC Assets, LLC ("HMC")[2] lack standing to foreclose on a mortgage loan secured by her investment property located at 7318 Dolphine Crest Avenue, Las Vegas, Nevada ("Subject Property").

**A. THE JUDICIAL FORECLOSURE CASE.**

In 2012, CAM commenced a judicial foreclosure action in the Eighth Judicial District Court, Clark County, Nevada (Case No. A-12-656582) to foreclose on the Subject Property. On April 3, 2013, and at the prompting of CAM's Motion for Summary Judgment, the court entered findings of fact and conclusions of law that CAM I Trust was the holder of a promissory note signed by De Los Santos and the beneficiary of the deed of trust encumbering the Subject Property. (See Appellee's Appendix CAM000037-000041). On the same day, a final judgment

---

[2] HMC is the trustee of CAM I Trust. (See Appellee's Appendix CAM000051).

1  was entered permitting CAM I Trust to proceed with foreclosure to satisfy outstanding
2  obligations owed on the mortgage loan[3]. (See Appellee's Appendix CAM 000045- 000048).

### B. PRIOR BANKRUPTCY FILINGS.

Notwithstanding the foreclosure judgment, De Los Santos has had a long history of improperly using the legal system to intentionally delay foreclosure proceedings on the Subject Property, including filing five different Chapter 13 bankruptcies in the U.S. Bankruptcy Court, District of Nevada.

The first bankruptcy case was filed prior to the judicial foreclosure action on November 10, 2009 (see Case No. 09-31352-MKN), and was dismissed on December 3, 2010, for many reasons including infeasibility of plan and failure to provide documents. (See Appellee's Appendix CAM000083) The second case was also filed prior to the judicial foreclosure action on June 11, 2011 (see Case No. 11-18661-MKN), and was dismissed on November 22, 2011 for many reasons including failure to make plan payments and lack of eligibility for Chapter 13 relief. (See Id.).

The third case was filed on April 23, 2013 (see Case No. 13-13471), just days after CAM I Trust received its foreclosure judgment. This third case was dismissed about two months later on June 14, 2013, for failure to provide documents. (See Appellee's Appendix CAM000083).

The fourth case was filed on August 12, 2013 (see Case No. 13-16923), which was a day or two prior to a scheduled sheriff's sale. (See Appellee's Appendix CAM000084). This fourth case was dismissed on October 3, 2013, for, once again, De Los Santos' failure to provide documents. (See Id.).

### C. UNDERLYING BANKRUPTCY FILING AND ENSUING ADVERSARY CASE.

The fifth and latest bankruptcy case was filed on February 13, 2014. (See Appellee's Appendix CAM000001). In this case, De Los Santos retained counsel who filed on her behalf a motion under 11 U.S.C. § 362(c)(4)(B) to impose the automatic stay since it did not go into

---

[3] The judgment also expunges a fraudulent Reconveyance of the foreclosing deed of trust that De Los Santos caused to executed and recorded against the Subject Property.

1  effect as a result of her two previously dismissed Chapter 13 proceedings in the same calendar
2  year. CAM, through HMC Assets, opposed the motion and the judge denied the motion without
3  prejudice. (See Appellee's Appendix CAM000008-000009). The bankruptcy court also
4  confirmed that no stay was in effect in its denial order. (See Id.)

5        On May 23, 2014, De Los Santos, pro se, commenced an adversary proceeding by filing
6  an Application for Preliminary Injunction and recorded a lis pendens on the Subject Property.
7  (See Appellee's Appendix, CAM000010 & 000050). The Application was in the form of a
8  motion and no adversary complaint was filed. (See Appellee's Appendix CAM000010-000016).
9  The Application sought to stop CAM's May 28, 2014 sheriff's sale because De Los Santos did
10 not believe CAM or HMC had standing to foreclose. (See Id.). However, De Los Santos failed
11 to set the Application for hearing and no Notice of Hearing was filed. Without the automatic
12 stay or temporary restraining order/preliminary injunction in effect, CAM proceeded with the
13 scheduled sheriff's sale on May 28th and acquired the Subject Property through credit bid. (See
14 Appellee's Appendix CAM000052-000055). Later on June 27, 2014, De Los Santos, through
15 her bankruptcy counsel, even filed a Chapter 13 Plan #2 wherein she proposed to surrender the
16 Subject Property to CAM. (See Appellee's Appendix CAM000017-000023).

17       On July 28, 2014, CAM and HMC Assets filed a Motion to Dismiss Adversary Case and
18 Expunge Lis Pendens. (See Appellee's Appendix CAM000024). The Motion argued: that (1)
19 the adversary case had to be dismissed since no complaint was ever filed; (2) the requested
20 injunctive relief was moot since the sheriff's sale already occurred and De Los Santos was
21 surrendering the Subject Property in her Chapter 13 Plan #2 to CAM; (3) any foreclosure
22 standing issues were barred by res judicata or issue preclusion; and (4) the lis pendens should be
23 expunged since there were no legitimate legal grounds for its recordation. (See Appellee's
24 Appendix CAM000024-000061). The Motion was not served on the bankruptcy trustee since it
25 was not a party to the case and since the Amended Chapter 13 Plan on file proposed to surrender
26 the Subject Property to CAM.

27       De Los Santos filed an Opposition to the Motion on August 13, 2014. (See Appellee's
28 Appendix CAM000065-000068). The Opposition argued that the Motion was insufficient and

not properly before the bankruptcy court because: (1) CAM/HMC Assets did not admit or deny that the proceeding was core or non-core; (2) CAM/HMC Assets did not file a disclosure statement pursuant to FRBP 7007.1; (3) a formal adversary complaint was filed by De Los Santos' son; and (4) CAM/HMC Assets should be required to prove their standing again. (See Id.).

On August 20, 2014, CAM/HMC Assets filed a reply to the Opposition arguing: (1) a motion is not a responsive pleading that requires the admission or denial that the proceeding is core or non-core; (2) disclosure statements do not affect the validity of a motion and only allow the bankruptcy judge to make an informed decision on recusal; and (3) no formal adversary complaint was ever docketed and is not part of the record. (See Appellee's Appendix CAM000069).

The bankruptcy court held the hearing on the Motion on August 27, 2014, where De Los Santos through her adult son appeared and filed another brief raising service on trustee as an issue for the first time[4]. (See Appellee's Appendix CAM000073-000081). Counsel for CAM/HMC Assets objected to the additional brief since he it was not served and since the local rules did not provide for a Reply to Reply brief. (See Appellee's Appendix CAM000085, fn. 3). The parties at the hearing submitted on the briefs with no substantive oral argument and the bankruptcy court took the matter under advisement.

On September 3, 2014, the bankruptcy court entered its Order on Motion to Dismiss which granted CAM/HMC Assets' Motion to Dismiss and expunged the lis pendens. (See Appellee's Appendix CAM000082). Since there was no adversary complaint filed, the court treated the Application for Preliminary Injunction as a pleading or complaint and apparently used a 12(b)(6) standard in dismissing the Application (See Appellee's Appendix CAM000089, fn. 9). The court re-emphasized there was no stay violations by CAM/HMC Assets and that its foreclosure was properly completed. (See Appellee's Appendix CAM000089). Further, the court held dismissal was proper since De Los Santos' foreclosure standing claims and allegations

---

[4] The bankruptcy court also heard a separate Motion to Dismiss filed by Nationstar Mortgage LLC. That Motion concerned a separate property and is not part of this pending appeal.

Page 10 of 19

were barred by res judicata from the judicial foreclosure judgment. (See Appellee's Appendix CAM00089-000092). In a footnote, the court acknowledged that an admission or denial as to a core or non-core proceeding was not required since CAM/HMC Asset's Motion was not a pleading as defined under FRCP 7(a), but rather a motion as defined under FRCP 7(b). (See Appellee's Appendix CAM000085, fn. 4). On September 17, 2014, De Los Santos filed a Notice of Appeal on the Order granting CAM/HMC Asset's Motion to Dismiss, which is presently pending before this Court. (See Appellee's Appendix CAM000135-000147).

### D. THE REMOVAL AND REMAND OF THE UNLAWFUL DETAINER PROCEEDINGS TO THE ADVERSARY CASE.

On September 3, 2014, and following the dismissal of the adversary case as to CAM and HMC Assets, De Los Santos filed in the adversary case a Notice of Removal of unlawful detainer proceedings that were pending in Las Vegas Justice Court since August 12, 2014. (See Appellee's Appendix CAM000093-000134). De Los Santos or her unknown tenant occupants were still occupying the Subject Property following the judicial foreclosure sale and despite her willingness to surrender the Subject Property in her Chapter 13 Plan #2. (See Id.).

On September 25, 2014, CAM filed a Motion to Remand Unlawful Detainer Proceedings based on (1) the mandatory abstention doctrine of 28 U.S.C. § 1334 and/or (2) equitable grounds under 28 U.S.C. § 1452(b). (See Appellee's Appendix CAM000148-000157). On October 1, 2014, De Los Santos filed an Opposition to the Motion claiming that the unlawful detainer proceedings had somehow been removed to this Court and included in its September 17th Notice of Appeal. (See Appellee's Appendix CAM000161-000162). On October 15, 2014, the bankruptcy court held a hearing on the Motion to Remand and the matter was taken under submission. (See Appellee's Appendix CAM000163-000164).

On October 17, 2014, the bankruptcy court entered an Order granting CAM's Motion to Remand. (See Appellee's Appendix CAM000163). The bankruptcy court agreed with CAM that the unlawful proceedings were required to be remanded under the mandatory abstention doctrine of 28 U.S.C. § 1334 since the unlawful detainer proceedings were non-core state law proceedings, and further since such proceedings could be timely adjudicated in Las Vegas Justice Court. (See Appellee's Appendix CAM000169). The bankruptcy court also agreed with CAM

that the unlawful detainer proceedings could be alternatively remanded on equitable grounds under 28 U.S.C. 1452(b) based upon principles of comity and judicial efficiency. (See Appellee's Appendix CAM000169-000171). Finally, the bankruptcy court noted that removal of the unlawful detainer proceedings was not part of the prior Notice of Appeal and that it could make a determination on the Motion to Remand. (See Appellee's Appendix CAM000168).

Again not satisfied with the bankruptcy court's Order, De Los Santos filed another Notice of Appeal on October 21, 2014, which was referred to the Bankruptcy Appellate Panel of the Ninth Circuit on October 22nd. (See Appellee's Appendix CAM000172-000182). On October 28th, The BAP Court entered a Notice of Deficiency to De Los Santos for failure to prosecute and pay a filing fee. (See Appellee's Appendix CAM000183-000184) Again, on November 10th, the BAP Court entered another Notice of Deficiency to De Los Santos for failure to file a designation of record, statement of issue and/or notice of transcript. (See Appellee's Appendix CAM000185-000186). De Los Santos failed to respond to either Notice of Deficiency. Thus, on December 1, 2014, the BAP Court dismissed the appeal of the Order granting the motion to remand. (See Appellee's Appendix CAM000187-000190). The dismissal order was subject to a 14-day reconsideration period, but De Los Santos has not filed a written request. (See Id.).

**E. DISMISSAL OF THE LATEST UNDERLYING BANKRUPTCY.**

On December 9, 2014, the bankruptcy court dismissed the underlying bankruptcy case in this matter on the bankruptcy trustee's motion. (See Appellee's Appendix CAM000191-000192). The bankruptcy court found that De Los Santos had failed to make plan payments and therefore confirmation of her plan was denied. (See Id.). However, the underlying adversary case still remains open as to Nationstar Mortgage, LLC with an Order to Show Cause hearing for dismissal set in January 2015. (See Appellee's Appendix CAM000193-000194).

# ARGUMENT

### A. THE INJUNCTIVE RELIEF SOUGHT BY DE LOS SANTOS IN THE ADVERSARY CASE IS MOOT GIVEN THAT THE FORECLOSURE OF THE SUBJECT PROPERTY HAS ALREADY OCCURRED AND THE UNDERLYING BANKRUPTCY HAS BEEN DISMISSED.

The relief requested by De Los Santos in the adversary case is simply moot. An appeal is moot when events occur such that the appellate court cannot grant any effective relief in favor of the appellant. See *Holloway v. U.S.*, 789 F.2d 1372, 1373 (9th Cir. 1986). De Los Santos' Application for Preliminary Injunction that was filed in the adversary case simply requested injunctive relief stopping CAM and HMC Asset's foreclosure sale and nothing else[5]. (See Appellee's Appendix CAM000010-000016). She failed to set her Application for hearing and failed to obtain a temporary restraining order or other order from the bankruptcy court to halt the foreclosure on the Subject Property. The foreclosure or sheriff's sale occurred on May 28, 2014 and CAM has acquired title to the Subject Property. Sale (Appellee's Appendix CAM000052-000055). Neither the bankruptcy court, nor this Court, can effectively enjoin a foreclosure that has already happened.

Further adding to the mootness of the injunctive relief requested is the fact that the underlying Chapter 13 case has been dismissed by the bankruptcy court. (See Appellee's Appendix CAM000191-000192). The Application originated in an adversary proceeding in bankruptcy court because it related to assets or property of the bankruptcy estate. (See Appellee's Appendix CAM000010-000016). However, the bankruptcy court no longer enjoys jurisdiction over De Los Santos' assets or properties due to the dismissal, and thus the bankruptcy court cannot issue any further orders affecting the Subject Property. Accordingly, De Los Santos' request for injunctive relief is moot and this Court should affirm the bankruptcy court's dismissal order of the adversary case as its own order or judgment.

---

[5] Although this Application was arguably a motion rather than a pleading, the bankruptcy court still treated it as a pleading.

### B. ANY JURISDICTION DEFECT WITH THE BANKRUPTCY COURT'S ORDER DISMISSING THE ADVERSARY CASE CAN BE EASILY CURED WITH THIS COURT'S DE NOVO REVIEW ON APPEAL.

De Los Santos claims that the bankruptcy court improperly entered a final order without her consent and without submitting a proposed findings of fact and conclusions of law to this Court under 28 U.S.C. § 157(c). However, De Los Santos is only now bringing this point up on appeal for the first time. Indeed her Opposition to the Motion to Dismiss only brought up that CAM and HMC Assets did not admit or deny whether the proceeding was core or non-core. (See Appellee's Appendix CAM000065-000068). The bankruptcy court correctly pointed out that such an admission was not necessary as CAM and HMC Assets' Motion to Dismiss was not a pleading as defined under FRCP 7(a), but rather was a motion as separately defined under FRCP 7(b). (See Appellee's Appendix CAM000085, fn. 4).

Regardless, any claimed jurisdictional defect by the bankruptcy court can easily be remedied by this Court's de novo review on appeal. In a recent U.S. Supreme Court decision, the Court held that a district court's de novo review of a non-core issue on appeal and subsequent affirmance of the bankruptcy court's order with entry of judgment, cured any jurisdictional defect of the bankruptcy court's final order. See *Benefits Ins. Agency v. Arkison*, 573 U.S. – (Jun. 2014). In this case, this Court must review the Order granting the motion to dismiss de novo anyway so any affirmance and entry of judgment of the same would likewise cure any defective final judgment.

It also makes little judicial economic sense to remand the adversary case to have the bankruptcy court re-submit to this Court for de novo review its Order granting the motion to dismiss in a proposed form, when this Court can easily review de novo the same Order on this appeal. Also, any remand of the adversary case would cater to De Los Santos' continual and improper attempted tactics of the inevitable foreclosure of the Subject Property. Accordingly, this Court should cure any jurisdiction defect of the Order on Motion to Dismiss by affirming it as its own order or entering its own order or judgment based on the arguments herein.

### C. THE BANKRUPTCY COURT PROPERLY DISMISSED THE ADVERSARY CASE BASED ON WELL-ESTABLISHED PRINCIPLE OF RES JUDICATA.

The dismissal of the adversary case was appropriately based on the well-established legal principle of res judicata. No matter how De Los Santos wants to characterize it, whether as a procedural technicality or as an inequitable rule, res judicata ensures the finality of decisions. See *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Indeed, De Los Santos has had more than a fair opportunity to resolve any foreclosure on the Subject Property and even implement a payment plan through five different Chapter 13 bankruptcy proceedings, all of which have now been dismissed because of her own doing. She even had a full and fair opportunity to raise foreclosure standing issues in the judicial foreclosure case, but such issues were properly adjudicated in favor of CAM.

Nonetheless, res judicata encompasses both claim and issue preclusion. See *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion prohibits re-litigation of the very same claim following the final adjudication on the merits involving the same parties. See *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002). Issue preclusion binds parties when an issue of fact or law has been actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment. *Id.* The main distinction between claim and issue preclusion is that issue preclusion operates only as to issues "actually litigated." *Id.* Regardless, De Los Santos foreclosure standing claims and allegations are both claim and issue barred.

#### 1. De Los Santos's Foreclosure Standing Claims are Barred by Claim Preclusion.

In its claim preclusion form, res judicata "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Robi v. Five Platters Inc.*, 838 F. 2d 318, 322 (9th Cir. 1988) (citations and quotations omitted). Any legal theories or remedies not asserted in the prior proceeding are extinguished. See *George v. City of Morro Bay (In re George)*, 318 B.R. 729, 735 (BAP 9th Cir. 2004).

Federal courts must give state court judgments the same preclusive effect as it would be given under the law of the State which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *White v. City of Pasedena*, 671 F.3d 918, 926 (9th Cir. 2012). Claim preclusion under Nevada law applies when (1) the parties or their privies are the same; (2) the final judgment is valid; and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. See *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054-55 (2008).

In this case, the parties from the judicial foreclosure case and the adversary case are identical. Both CAM and De Los Santos are parties. Although HMC Assets was not a named party in the judicial foreclosure case, it certainly is in privity with CAM as its trustee. (See Appellee's Appendix CAM000057). Further, the judgment in the judicial foreclosure case is final and valid and nowhere in the adversary case or on appeal does De Los Santos contend otherwise.

Finally, the adversary case is based on foreclosure standing issues that were necessarily adjudicated in the judicial foreclosure action itself. De Los Santos' Application in the adversary case contended that neither CAM nor HMC Assets proved standing under *Edelstein v. Bank of New York Mellon*, 286 P.3d 249 (Nev. 2012). (See Appellee's Appendix CAM000013). However, a clear reading of the Order Granting Motion for Summary Judgment in the judicial foreclosure case shows that CAM proved it was the holder of the promissory note and beneficiary of the deed of trust to show its standing to foreclose. (See Appellee's Appendix CAM000037-000041). Accordingly, the bankruptcy court properly found that foreclosure standing was claim barred and this Court should affirm the dismissal order of the adversary proceedings.

### 2. Foreclosure Standing is also Barred by Issue Preclusion.

In addition, or in the alternative, foreclosure standing is also issue barred. As noted above, the additional distinction between issue and claim preclusion is that the issue must be actually litigated for issue preclusion to apply. See also *Five Star Capital*, 124 Nev. at 1054. The foreclosure standing issue was actually litigated in the judicial foreclosure case through

summary judgment after De Los Santos had appeared and answered in the case. Standing was an essential element to be proven before CAM could foreclose (see *Edelstein v. Bank of New York Mellon*, 286 P.3d 249 (Nev. 2012)) and CAM made its ownership interest and rights under the note and deed of trust a focal point of its Affidavit in Support of Motion for Summary Judgment. (See Appellee's Appendix CAM000057-000061). Again, the judge in the judicial foreclosure case found that CAM was the holder of the promissory note and beneficiary under the foreclosing deed of trust, which complies with the foreclosure standing requirements under *Edelstein*. (See Appellee's Appendix CAM000037-000041). Accordingly, this Court should affirm the dismissal order of the adversary proceedings on this additional or alternative ground.

    **D.**    **INCLUSION OF THE CHAPTER 13 TRUSTEE IS MOOT SINCE THE UNDERLYING BANKRUPTCY HAS BEEN DISMISSED.**

De Los Santos apparently claims that the Chapter 13 Trustee should have been included in the adversary proceedings. She claims she made the Trustee as a co-Plaintiff and that he was a necessary party to the adversary case. (See Appellant's Opening Brief, pg. 8). Despite De Los Santos lacking any authority to represent the Chapter 13 Trustee and despite any clear cut authority requiring the Chapter 13 Trustee's to participate in the adversary case, the issue is now moot because the bankruptcy court has dismissed the underlying bankruptcy at the prompting of the Trustee. (See Appellee's Appendix CAM000191-000192). A dismissal divests the trustee of any interest in the bankruptcy estate. See 11 U.S.C. § 349(b)(3). Thus, the Chapter 13 Trustee simply lacks any further control or authority over De Los Santos' bankruptcy estate so his involvement, or lack thereof, is moot.

    **E.**    **THIS COURT LACKS JURISDICTION TO HEAR THE ORDER GRANTING MOTION TO REMAND AS IT IS STATUTORILY PROHIBITED AND THE BAP COURT HAS ALREADY DISMISSED THE APPEAL.**

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. §1447(d). In other words, an order granting a motion to remand is not appealable except in cases where federal officer or agencies are sued or prosecuted (section

1442) or in civil rights cases (section 1443). The Order granting the motion to remand does not involve federal officers or agencies and does not involve civil rights. It only pertains to remand of unlawful detainer proceedings that had been pending in Las Vegas Justice Court. (See Appellee's Appendix CAM000163-000171). Thus, any review of the bankruptcy court's Order granting the motion to remand in this case is barred by 28 U.S.C. § 1447(d).

Even if the Order granting the motion to remand was appealable, the BAP Court has already dismissed the appeal for failure to prosecute. (See Appellee's Appendix CAM000187-000190). This Court does not have authority or jurisdiction to review BAP Court orders. Although in her Motion to Extend Time for Opening Brief De Los Santos had mentioned consolidating the remand appeal with the appeal of the Order dismissing the adversary case, this Court never granted consolidation of the two appeals. The BAP Court's subsequent dismissal of the remand appeal is thus valid and effective.

To the extent De Los Santos believes that her Notice of Appeal of the Order dismissing the adversary case somehow divested the bankruptcy court of jurisdiction of the unlawful detainer proceedings and vested this Court with jurisdiction, she is sadly mistaken. A notice of appeal only divests the trial court of the subject matter of appeal. See *Bennett v. Genmill (In re Combined Metals Reduction Co.)*, 557 F.2d 179, 200 (9th Cir., 1977). The only part that could be included in the Notice of Appeal was the Order on Motion to Dismiss since no order had been entered at the time on the removal and remand of the unlawful detainer proceedings. Thus, the bankruptcy court properly exercised jurisdiction when it decided to remand the unlawful detainer proceedings back to Las Vegas Justice Court based on the mandatory abstention doctrine of 28 U.S.C. § 1334(c)(2) and based on equitable ground under 28 U.S.C. § 1452(b). This Court must therefore dismiss the appeal of the Order granting CAM and HMC Assets' Motion to Remand.

## CONCLUSION

Because De Los Santos' requested injunctive relief is moot, or because her foreclosure standing claims and allegations have been adjudicated in prior proceedings, namely the judicial foreclosure action, this Court should affirm the bankruptcy court's Order dismissing the

adversary case and/or enter its own order or judgment in favor of CAM and HMC Assets based on the arguments herein.

DATED this 22nd day of December, 2014.

WRIGHT, FINLAY & ZAK, LLP

Jory C. Garabedian, Esq.
Nevada Bar No. 10352
5532 S. Fort Apache Rd., Suite 100
Las Vegas, Nevada 89148
*Attorney for CAM I Trust & HMC Assets, LLC*

### CERTIFICATE OF MAILING

I HEREBY CERTIFY that I am an employee of WRIGHT, FINLAY & ZAK, LLP; that service of the foregoing **CAM I TRUST AND HMC ASSETS, LLC's ANSWERING BRIEF** was made on the 23RD day of December, 2014, to all parties and counsel as identified on the Court-generated Notice of Electronic Filing and to the following by depositing a true copy of same in the United States Mail, at Las Vegas, Nevada, addressed as follows:

Leonor De Los Santos
5440 Escallonia Street
Las Vegas, NV 89149
*Plaintiff/Appellant pro se*

Leonor De Los Santos
c/o Glenn Gomez
7318 Dolphine Crest Ave.
Las Vegas, NV 89129

U.S. Trustee, Las Vegas
300 Las Vegas Boulevard South
Suite 4300
Las Vegas, NV 89101-5803

An Employee of WRIGHT, FINLAY & ZAK, LLP