UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br>LEONOR M. DE LOS SANTOS,<br>                              Debtor.<br>_____<br>LEONOR M. DE LOS SANTOS,<br>                              Plaintiff(s),<br>    v.<br>NATIONSTAR, LLC, et al.,<br>                              Defendant(s).<br>_____<br>LEONOR M. DE LOS SANTOS,<br>                              Appellant(s),<br>    v.<br>CAM I TRUST/HMC ASSETS, LLC, et al.,<br>                              Appellee(s). | Bankruptcy Case No. 14-10902 MKN<br><br>Case No. 2:14-CV-1522 JCM<br><br>ORDER |

      Presently before the court is an appeal from a bankruptcy order (docs. ## 1,4) dismissing certain parties from the adversary proceeding *De Los Santos v. Nationstar, LLC, et. al*, bankruptcy adversary proceeding number 14-01091-MKN. Appellant Leonor De Los Santos' (hereinafter "appellant") filed an opening brief. (Doc. # 10). Appellees Cam I Trust ("CAM") and HMC Assets, LLC ("HMC") (collectively "appellees") filed an answering brief in opposition. (Doc. # 12).

**James C. Mahan**
**U.S. District Judge**

Instead of filing a timely reply brief, appellant filed an objection (doc. # 21) to this court's order (doc. # 20) denying a motion to extend time to file a reply brief. (Doc. # 18).

## I. Background

The appeal is from a bankruptcy court order dismissing appellees from an adversary proceeding based on the principle of *res judicata*. (Doc. # 12 at 7). Despite a final judgment to the contrary, appellant Leonor De Los Santos claims that CAM and HMC lack standing to foreclose on a mortgage loan secured by her investment property located at 7318 Dolphine Crest Avenue, Las Vegas, Nevada ("subject property"). (*Id.*).

In 2012, CAM commenced an action in the Eighth Judicial District Court, Clark County, Nevada, case no. A-12-656582, in order to foreclose on the subject property. (Doc. # 12 at 7). On April 3, 2013, based on CAM's motion for summary judgment, the court entered findings of fact and conclusions of law that CAM was the holder of a promissory note signed by appellant and the beneficiary of the deed of trust encumbering the subject property. (*Id.*). On that same date, the court entered final judgment permitting CAM to proceed with foreclosure to satisfy outstanding obligations appellant owed on the mortgage loan.[1] (*Id.* at 8).

The instant appeal stems from appellant's fifth chapter 13 bankruptcy case, commenced on February 13, 2014. (*Id.*). Appellant retained counsel and filed a motion under 11 U.S.C. § 362(c)(4)(B) to impose an automatic stay. (*Id.*). CAM, through HMC, opposed the motion. (*Id.* at 9). The bankruptcy judge denied the motion without prejudice. (*Id.*).

On May 23, 2014, appellant, proceeding *pro se*, purported to initiate an adversary proceeding. (*Id.*). Appellant filed a motion for preliminary injunction and recorded a lis pendens on the subject property, but never filed an adversary complaint. (*Id.*). Appellant sought to stop CAM's May 28, 2014, sheriff's sale because she did not believe CAM or HMC had standing to foreclose. (*Id.*). However, appellant failed to set the application for hearing and no notice of hearing was filed. (*Id.*). Without an automatic stay or temporary restraining order/preliminary

---

[1] The court's judgment also expunged a fraudulent reconveyance of the foreclosing deed of trust appellant executed and recorded against the subject property.

**James C. Mahan**
**U.S. District Judge**

- 2 -

injunction in effect, CAM proceeded with the scheduled sheriff's sale on May 28, 2014, and acquired the subject property through credit bid. (*Id.*).

On July 28, 2014, CAM and HMC filed a motion to dismiss the adversary case and to expunge lis pendens. (*Id.*). The motion argued that: (1) the adversary case had to be dismissed since De Los Santos never filed a complaint; (2) the requested injunctive relief was moot since the sheriff's sale had occurred and De Los Santos was surrendering the subject property in her chapter 13 plan to CAM; (3) *res judicata* and issue preclusion barred any foreclosure standing issues; and (4) the lis pendens should be expunged because no legitimate legal grounds existed for its recordation. (*Id.*). The bankruptcy trustee was not served with the motion, since it was not a party to the case and because De Los Santos' amended chapter 13 plan on file proposed surrender of the subject property to CAM. (*Id.*).

De Los Santos' opposition to the motion argued that it was insufficient and not properly before the bankruptcy court because: (1) CAM and HMC did not admit or deny that the proceeding was core or non-core; (2) CAM and HMC did not file a disclosure statement pursuant to Federal Rule of Bankruptcy Procedure 7007.1; (3) a formal adversary complaint was filed by her son; and (4) CAM and HMC should be required to prove their standing again. (*Id.* at 10).

On September 3, 2014, the bankruptcy court entered its order granting CAM and HMC's motion to dismiss the adversary case and expunging the lis pendens. (*Id.*). Because De Los Santos had filed no adversary complaint, the court construed the application for preliminary injunction as a pleading or complaint. (*Id.*). Applying the standard for Federal Rule of Civil Procedure 12(b)(6), the court found De Los Santos failed to state a claim for which relief could be granted and dismissed her "complaint." (*Id.*). The court re-emphasized that CAM and HMC's foreclosure on the subject property was properly completed, since no stay had been in place. (*Id.*).

The bankruptcy court held that De Los Santos' foreclosure standing claims and allegations were barred by *res judicata* because the claims had been adjudicated in the state court action and judgment. (*Id.* at 10-11). The court also noted in a footnote that an admission or denial as to a core or non-core proceeding was not required since CAM and HMC's motion was not a pleading as

James C. Mahan
U.S. District Judge

- 3 -

defined under Federal Rule of Civil Procedure 7(a), but rather a motion as defined by Federal Rule of Civil Procedure 7(b). (*Id.* at 11).

On September 17, 2014, De Los Santos filed the instant notice of appeal. (Doc. # 1). On December 9, 2014, the bankruptcy court dismissed the underlying bankruptcy case, *In re De Los Santos*, no. 14-10902-MKN, on motion from the bankruptcy trustee. (*Id.*; app'x CAM191-192). The bankruptcy court found that De Los Santos had failed to make plan payments. (*Id.*). Therefore, confirmation of her plan was denied. (*Id.*).

## II.  Legal standards

Under 28 U.S.C. § 158(a), a district court has jurisdiction to hear appeals "from final judgments, orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a); *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). The district court reviews a bankruptcy court's conclusions of law *de novo*. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009).

The district court reviews the bankruptcy court's findings of fact for clear error. *Id.* The court must accept the bankruptcy court's findings of fact "unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *Id.* The bankruptcy court's evidentiary rulings are reviewed for abuse of discretion. *In re Kim*, 130 F.3d 863, 865 (9th Cir. 1997).

## III.  Discussion

On September 3, 2014, the bankruptcy court issued its order, and De Los Santos appealed on September 18, 2014. (Doc. # 1). In her opening brief (doc. # 10) she argues that: 1) the bankruptcy court lacked jurisdiction to enter a final order without her consent; 2) the final order was based on procedural issues, which a bankruptcy court may not rule on; 3) the final order was inequitable; 4) the trustee was improperly not included; and 5) Judge Nakagawa's order remanding eviction case back to state court was improper.

*A.  The Bankruptcy Appeal*

First, the court finds that the proceeding related to the foreclosure was a core proceeding under 28 U.S.C. 157(b)(2)(B). Appellant's entire purpose for filing in the bankruptcy court was to retroactively stay the foreclosure action by initiating a Chapter 13 suit. By necessity then, appellant

James C. Mahan
U.S. District Judge

- 4 -

considers the subject property part of the bankruptcy estate. It follows that the bankruptcy court's adjudication of a motion for preliminary injunction protecting the subject property is a proceeding for the "allowance or disallowance of claims against the estate." 28 U.S.C. 157(b)(2)(B). That being the case, the court finds, upon *de novo* review, that the bankruptcy court had jurisdiction to enter a final order on the core proceeding under 28 U.S.C. 57(b)(1).

Second, the court finds that the bankruptcy court did not exceed its jurisdiction with respect to any procedural rules. It is not entirely clear from appellant's opening brief (doc. # 10) exactly which part of Judge Nakagawa's order she objects to on procedural grounds. Nevertheless, reviewing the record *de novo*, the court finds that the bankruptcy court did not improperly rule on procedural grounds. Because appellees' motion to dismiss was a motion and not a pleading, they were not required to make a statement as to whether the proceeding was core or non-core. The appellant purported to initiate a core proceeding under 28 U.S.C. 157(b)(1), and the bankruptcy court had jurisdiction to enter a final order on any timely and lawful motions filed therein.

Third, appellant argues that the result the court reached was inequitable. This court disagrees. De Los Santos' action in Nevada state court was fully adjudicated with a valid and final order. The bankruptcy court was correct in finding that it did not have jurisdiction to adjudicate what was essentially an appeal of a state court order.

In fact, dismissal of the adversary proceeding against CAM was *necessary* because the bankruptcy court lacked subject matter jurisdiction over what was, in reality, a thinly-veiled attempt to appeal a final state court order to a federal court.

Furthermore, principles of *res judicata* bar consideration of her claim. *Res judicata* applies when "the earlier suit . . . (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002). Claim preclusion "bars litigation in a subsequent action of any claims that . . . could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001). A federal court may take judicial notice of a state court decision and the filings therein to determine if *res judicata* applies. *See Manufactured Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1033 (9th Cir. 2005).

The bankruptcy court properly considered the record of the state court proceeding, and determined that its consideration of appellant's standing arguments was barred under *res judicata*. Plaintiff's application asked the bankruptcy court to determine that CAM did not have standing to foreclose. Under Nevada law, standing is, of course, an element that a foreclosing creditor must prove in order to obtain final judgment in a foreclosure action. *See Edelstein v. Bank of New York Mellon*, 286 P.3d 249 (Nev. 2012).

The bankruptcy court found (1) that both the application and the state court action involved the same foreclosure action, (2) the state court reached summary judgment on the merits, and (3) De Los Santos and Cam I were both parties to the foreclosure action. *See Sidhu* at 900. Thus, claim preclusion applies. The bankruptcy court was correct to hold that it was barred from re-adjudicating the state court's final judgment.

Fourth, appellant argues that the court and defendants failed to include the trustee in the proceedings. Appellant states that the trustee was a necessary party. The court disagrees. The trustee may have had an interest in whether the subject property was part of the bankruptcy estate, but had no interest in the foreclosure action itself because it had no property interest in the subject property at the time of that action, nor was the property subject to any automatic stay.

Finally, appellant argues that the bankruptcy court should not have remanded the illegal detainer proceedings to state court. This issue was not addressed in the order under appeal here. In fact, De Los Santos filed a separate notice of appeal with respect to that order. The bankruptcy appellate panel affirmed that order in a separate appeal case. This court does not address the argument further.

C.    *Appellant's objection to this court's order denying her motion to extend time*

De Los Santos initiated the instant appeal on September 18, 2014. (Doc. # 1). The court set a briefing schedule on October 22, 2014. (Doc. # 6). De Los Santos' opening brief was due within fourteen days of the scheduling order. (Doc. # 6). On November 7, 2014, De Los Santos requested an extension of time until December 8, 2014, to file her opening brief. (Doc. # 8). The court granted appellant's extension. (Doc. # 9).

**James C. Mahan**
**U.S. District Judge**

- 6 -

On December 22, 2014, appellee filed its answering brief. (Doc. # 12). Appellant thereafter filed three motions to extend her time to file her reply brief. (Docs. ## 14, 16, 18). The court granted appellant's first two motions and denied her third motion. (Docs. ## 15, 17, 20). Appellant's reply brief was due on March 9, 2015. (Doc. # 17). Appellant failed to file a reply and the deadline to do so passed.

Appellant objects to the court's denial of her third motion to extend time to file her reply brief. (*Id.*). Appellant states that she believes this court "has acted inequitably and prejudicially against [her]." (Doc. # 21 at 3).

The court has broad discretion in managing its docket. *See, e.g.*, *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) (Every court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In exercising that discretion, the court is guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* Fed. R. Civ. P. 1. Federal courts have an inherent "traditional power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *In re Lavender*, 180 F.3d 1114, 1118 (9th Cir. 1999) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)).

Here, the court granted appellant two extensions to file her reply brief, before denying appellant's third motion to extend time to file her reply brief. Because of appellant's multiple extensions, her reply brief was due on March 9, 2015, nearly three months beyond the initially scheduled due date. (Doc. # 17). Based on the foregoing, the court does not find denial of her third request for an extension to be inequitable or prejudicial.

**IV.     Conclusion**

Reviewing the record *de novo*, the court finds that the bankruptcy court's dismissal of appellant's adversary proceeding with respect to CAM or HMC was proper.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the bankruptcy court's order dismissing plaintiff/appellant Leonor M De Los Santos' claims against appellee CAM 1 Trust/HMC Assets, LLC be, and the same hereby is, AFFIRMED, consistent with the foregoing.

**James C. Mahan**
**U.S. District Judge**

- 7 -

IT IS FURTHER ORDERED that plaintiff/appellant Leonor M De Los Santos' objection to this court's order (doc. # 21) be, and the same hereby is, DENIED.

DATED October 5, 2015.

_____
UNITED STATES DISTRICT JUDGE